IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARIS LARON HOLLIDAY,

    **Plaintiff,**

    v.                                                                CASE NO. 21-3274-SAC

DAN SCHNURR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The events giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On January 3, 2022, the Court entered a Memorandum and Order (Doc. 7) directing the appropriate officials of HCF to prepare and file a *Martinez* Report. The Report was filed on February 18, 2022. (Doc. 9.) On March 1, 2022, the Court entered a Memorandum and Order (Doc. 12) ("M&O") granting Plaintiff until March 28, 2022, to show good cause why his Complaint should not be dismissed for the reasons set forth in the M&O. Plaintiff has failed to respond by the Court's deadline.

The Court found in the M&O that in light of the *Martinez* Report, the Court was considering dismissal of this action. Plaintiff failed to show that any staff member acted with deliberate indifference and failed to show personal participation by any named defendant.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). The "deliberate indifference" standard

1

includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)). The Court found in the M&O that Plaintiff failed to show that either Defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. The Court found that Plaintiff's Eighth Amendment claims were subject to dismissal and directed Plaintiff to show good cause why this matter should not be dismissed for failure to state a claim.

The Court also found that Plaintiff failed to show that any Defendant personally participated in the violation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

The Court granted Plaintiff an opportunity to respond to the *Martinez* Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in the M&O. The M&O provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without prior notice for failure to state a claim." (Doc. 12, at 6.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated March 31, 2022, in Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge
